IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

MAUREEN ROBERSON,

    Plaintiff,

    v.                         Civil No.: WDQ-10-3124

FORD MOTOR CREDIT
COMPANY, LLC,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Maureen Roberson instituted an adversary proceeding against Ford Motor Credit Company, LLC ("Ford"). Ford has moved to withdraw the reference of that proceeding to the United States Bankruptcy Court for the District of Maryland ("the Bankruptcy Court"). For the following reasons, Ford's motion will be denied.

I. Background

On July 14, 2004, Roberson bought a car from Ford through a Maryland Simple Interest Retail Installment Contract. Def.'s Mem. 1. The contract included an *ipso facto* clause that if Roberson filed a bankruptcy petition, she would be in default and Ford could repossess her car. Pl.'s Opp'n 1.

On October 22, 2007, Roberson filed for Chapter 7 bankruptcy in the Bankruptcy Court. Def.'s Mem. 2. The

car was scheduled as an asset, and the loan from Ford as a secured debt. *Id.* On January 30, 2008, Roberson received a discharge in her Chapter 7 case. *Id.* at 3-4. She did not reaffirm her obligation to Ford, and on February 19, 2008, Ford repossessed the car. *Id.* at 4.

On February 21, 2008, Roberson commenced a Chapter 13 bankruptcy seeking to reorganize the Ford and other debts. *Id.* On July 14, 2008, she filed this adversary proceeding for damages from Ford for the repossession. *Id.* at 6. On August 18, 2008, Ford moved to dismiss the adversary complaint. *Id.* at 7.

On October 14, 2008, Roberson filed a motion to withdraw reference, which Ford opposed. *See* Case No. WDQ-08-2880, ECF No. 6. This Court denied the motion as premature because Ford's motion to dismiss was pending before the Bankruptcy Court. *Id.*

On November 24, 2008, Roberson amended her complaint in the adversary proceeding to seek damages for violations of the discharge injunction in her Chapter 7 case, the Fair Debt Collection Practices Act, the Maryland Consumer Protection Act, and the Maryland Debt Collection Act. Def.'s Mem. 7. On December 1, 2008, Ford moved to dismiss these counts. *Id.*

On December 30, 2008, Roberson filed a motion to certify to the Maryland Court of Appeals the question whether *ipso facto* repossession violated Maryland law. *Id.* at 8. At a February 24, 2009 hearing, the Bankruptcy Court granted Roberson's motion to certify and held that a decision on Ford's motions to dismiss was premature until the certified question was answered. *Id.*

Following the hearing, Ford moved to stay all proceedings pending arbitration. Def.'s Mot., Ex. 1 at 10. On March 29, 2010, the Bankruptcy Court denied that motion, and Ford appealed to this Court. *Id.* at 8. On October 12, 2010, while the appeal was pending, Ford filed its motion for withdrawal of reference. ECF No. 1.[1]

II. Analysis

Federal district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Under 28 U.S.C. § 157(a), district courts may refer "any or all proceedings arising under [or related to] title 11 . . . to the

---

[1] On October 29, 2010, this Court affirmed the Bankruptcy Court's denial of Ford's motion to stay pending arbitration. The Court held that Ford had lost its right to demand arbitration by filing its demand after Roberson's motion to certify had been granted. *Ford Motor Credit Co. v. Roberson*, 2010 WL 4286077, at *4 (D. Md. Oct. 29, 2010).

3

bankruptcy judges for the district." 28 U.S.C. § 157 (d) governs mandatory and permissive withdrawals of reference.

Ford has moved for a permissive withdrawal of the reference of Roberson's adversary proceeding. Def.'s Mem. 12. Under § 157 (d)'s permissive withdrawal provision, a "district court may withdraw, in whole or in part, any case or proceeding referred under this section . . . on timely motion of any party for cause shown." Ford argues that the reference should be withdrawn because the adversary proceeding involves non-core matters and withdrawal will expedite the proceeding. Def.'s Mem. 8. Ford also argues that Roberson's "request for a jury trial without [its] consent . . . mandates an automatic withdrawal of reference." Id. 9.

Ford argues that its motion is timely[2] because its "answer to [Roberson's] Complaint is not required to be filed until 14 days after the Bankruptcy Court's disposition of [Ford's pending] Motion to Dismiss," and the Local Rules provide that a motion for withdrawal is timely if filed "within 20 days after the last pleading is permitted." Def.'s Mem. 9-10. Roberson contends that because Ford has previously opposed her motions to withdraw

---

[2] Timeliness is the first inquiry in evaluating a motion to withdraw reference under 28 U.S.C. § 157 (d). See In re Manhattan Inv. Fund Ltd., 343 B.R. 63, 68 (S.D.N.Y. 2006).

4

reference, it may not now argue for withdrawal. Pl.'s Opp'n 3-4.

Ford's motion to withdraw reference was filed after the Bankruptcy Court hearing on its motion to dismiss. Under the Local Rules for the District of Maryland, a motion to withdraw reference of an adversary proceeding is timely if filed by the earlier of: (1) 14 days before the first hearing on the merits of the adversary proceeding, or (2) 21 days after the last adversary pleading is permitted to be filed. Local Rule 405.2 (D. Md. 2010). Thus, Ford's motion to withdraw—filed after the Bankruptcy Court's first hearing the merits—is not timely under the Local Rules. *See id.*

The motion is also untimely under the interpretation of 28 U.S.C. § 157 (d) adopted by other courts in this circuit. Generally, a motion to withdraw reference is timely "if it is done at the first reasonable opportunity" and "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Vieira v. AGM, II, LLC,* 366 B.R. 532, 536 n.5 (D.S.C. 2007) (internal quotation marks and citations omitted). The basis of Ford's motion is that withdrawal is appropriate because the proceedings are non-core and Roberson has demanded a jury

trial. Def.'s Mem. 11-14.[3] These arguments have been available to Ford since the adversary proceeding was initiated. However, Ford did not move for—and, in fact, opposed—withdrawal, until after the Bankruptcy Court ruled for Roberson on the motion for certification. Ford then moved to compel arbitration, and when that was unsuccessful, moved to withdraw reference.

Whether a motion to withdraw reference is really an "attempt[] to evade an adverse ruling" is one consideration in a court's decision on the motion. *In re The VWE Grp., Inc.*, 359 B.R. 441, 447 (S.D.N.Y. 2007).[4] The timing of

---

[3] Although Ford argues that the reference must be withdrawn because of the jury trial demand, that is only one consideration. *In re EquiMed, Inc.*, 259 B.R. 269, 273 (D. Md. 2001). The possibility that a jury trial may be required is not determinative of the motion to withdraw reference at this stage of the litigation. If the motions to dismiss are resolved in Ford's favor there will be no jury issue. *See In re Healthcentral.com*, 504 F.3d 775, 787-88 (9th Cir. 2007)(a "valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action must be transferred"; rather, the Bankruptcy Court may retain jurisdiction over the action for pre-trial matters). If the motions to dismiss are decided in Roberson's favor, Ford may renew its motion to withdraw reference "in light of the developments in the bankruptcy proceeding." *Vieira*, 366 B.R. at 536 n.5.

[4] *See also In re Millennium Studios, Inc.*, 286 B.R. 300, 303 (D. Md. 2002) (district courts have "broad discretion" in determining whether a moving party has shown cause to withdraw reference and one of the considerations is "forum shopping").

Ford's motion suggests that it is an attempt to forum shop and avoid the Bankruptcy Court's adverse ruling on the motion for certification.[5] Accordingly, Ford's motion will be denied.

III. Conclusion

For the reasons stated above, Ford's motion to withdraw reference will be denied.

_____7/29/11_____          _____/s/_____
Date                           William D. Quarles, Jr.
                               United States District Judge

---

[5] See In re GTS 900F, LLC, 2010 WL 4878839, at *5 (C.D. Cal. Nov. 23, 2010) (denying motion to withdraw because the plaintiff's motives were "highly suspect" given the "eight month delay between when [it] could have filed a motion to withdraw reference [and] when [it] actually filed," and because of the "close temporal proximity" of the adverse bankruptcy court ruling and the motion).

7